IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREATER KANSAS CITY LABORERS )
PENSION FUND, a Trust Fund, )
 )
    and )
 )
REGINALD L. THOMAS and DONALD E. GREENWELL, III )
TRUSTEES OF THE GREATER )
KANSAS CITY LABORERS PENSION FUND, )
 )
    and )
 )
GREATER KANSAS CITY LABORERS )
WELFARE FUND, a Trust Fund, )
 )
    and )
 )
REGINALD L. THOMAS and DONALD E. GREENWELL, III )
TRUSTEES OF THE GREATER )
KANSAS CITY LABORERS WELFARE FUND, ) **No.**
 )
    and )
 )
GREATER KANSAS CITY LABORERS )
VACATION PLAN, a Trust Fund, )
 )
    and )
 )
REGINALD L. THOMAS and DONALD E. GREENWELL, III )
TRUSTEES OF THE GREATER KANSAS CITY )
LABORERS VACATION PLAN, )
 )
    and )
 )
GREATER KANSAS CITY LABORERS )
TRAINING FUND, a Trust Fund, )
 )
    and )
 )
REGINALD L. THOMAS and DR. RICHARD BRUCE )
TRUSTEES OF THE GREATER KANSAS CITY )
LABORERS TRAINING FUND, )
 )
                                  Plaintiffs, )
 )
    vs. )

**PRECISE CONCRETE, LLC**
  [Serve:    Legalinc Corporate Services, Inc.
             Registered Agent
             12747 Olive Blvd., Suite 300A
             St. Louis, MO 63141]

                  Defendant.

## COMPLAINT

### COUNT I

Come now Plaintiffs, Greater Kansas City Laborers Pension Fund, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund, and, for their cause of action under Count I against Defendant, state:

    1.    This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

    2.    Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund; Plaintiff, Greater Kansas City Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

    3.    Said Plaintiff Fund was established on April 24, 1965, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the

Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant Precise Concrete, LLC is a Missouri limited liability company and at all times material herein employed laborers performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

8. Defendant, on May 22, 2013, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Association and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9. Laborer employees of the Defendant were employed under the terms of the collective bargaining agreements referenced above under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days

after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

11. Defendant has failed to pay employee benefit plan contributions due to the Plaintiff Fund required under the agreements mentioned above from **October 1, 2015**, to date.

12. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

13. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

14. Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is

brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

15. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **October 1, 2015**, to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Greater Kansas City Laborers Welfare Fund, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Welfare Fund; Plaintiff Greater Kansas City Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers

International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Defendant has failed to pay employee benefit plan contributions due to the Plaintiff Fund required under the agreements mentioned above from **October 1, 2015**, to date.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **October 1, 2015**, to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Greater Kansas City Laborers Vacation Plan, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan, and, for their cause of action under Count III against Defendant, state:

1.  Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Plan") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2.  Said Plaintiff Plan was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the

Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective January 1, 1976.

3. Defendant has failed to pay employee benefit plan contributions due to the Plaintiff Fund required under the agreements mentioned above from **October 1, 2015**, to date.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **October 1, 2015**, to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Greater Kansas City Laborers Training Fund, a Trust Fund, and Reginald L. Thomas and Dr. Richard Bruce, duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund, and, for their cause of action under Count IV against Defendant, state:

1.  Plaintiffs, Reginald L. Thomas and Dr. Richard Bruce, are duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund; Plaintiff Greater Kansas City Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2.  Said Plaintiff Fund was established on October 1, 1974, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers

International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Defendant has failed to pay employee benefit plan contributions due to the Plaintiff Fund required under the agreements mentioned above from **October 1, 2015**, to date.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **October 1, 2015**, to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT V

Come now Plaintiffs, and, for their cause of action under Count V against Defendant, state and allege:

1. Plaintiffs Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan and Greater Kansas City Laborers Training Fund, (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Reginald L. Thomas and Donald E. Greenwell, III, (hereinafter referred to as "Plaintiff Trustees") are the duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Greater Kansas City Laborers Pension Fund; that Plaintiffs Reginald L. Thomas and Donald E. Greenwell, III (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Greater Kansas City Laborers Welfare Fund; Plaintiffs Greater Kansas City Laborers Vacation Plan, (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C.

§186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Reginald L. Thomas and Donald E. Greenwell, III (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Fund and the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiffs Greater Kansas City Laborers Training Fund, (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Reginald L. Thomas and Dr. Richard Bruce (hereinafter referred to as "Plaintiff Trustees") are the duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Greater Kansas City Laborers Training Fund and that this action arises under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2. This action arises under the same facts and circumstances as the allegations contained in Counts I through IV and therefore supplemental jurisdiction is founded under 28 U.S.C. § 1367.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs Two (2), Three (3), Four (4), Seven (7), Eight (8), Nine (9), Ten (10) and Thirteen (13) of Count I of the within Complaint; paragraphs One (1) and Two (2) of Count II of the within Complaint; paragraphs One (1) and Two (2) of Count III of the within Complaint; and paragraphs One (1) and Two (2) of Count IV of the within Complaint.

4. On November 18, 2015, Defendant entered into a Release and Settlement Agreement regarding unpaid employee benefit plan contributions due the Plaintiff Funds for the period May 22, 2013 through September 30, 2015. Such Release and Settlement Agreement

(attached as Exhibit "A") with Plaintiff Funds required Defendant pay to the Plaintiff Funds the principal sum of TWENTY SIX THOUSAND, FOUR HUNDRED TWELVE AND 61/100 ($26,412.61) DOLLARS.

5. Defendant has failed to abide by the terms of the Release and Settlement Agreement entered into between Defendant and Plaintiff Funds and is in default.

6. Plaintiff Funds provided notice of the default by letter to Defendant dated February 16, 2016. Defendant has not cured its default under the terms of the Release and Settlement Agreement.

7. The balance due to the Plaintiffs under the terms of the Release and Settlement Agreement totals TWENTY ONE THOUSAND, FOUR HUNDRED TWELVE AND 61/100 ($21,412.61) DOLLARS. Under the terms of the Release and Settlement Agreement, upon default the entire principal amount remaining becomes due and owing.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of TWENTY ONE THOUSAND, FOUR HUNDRED TWELVE AND 61/100 ($21,412.61) DOLLARS; reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Michael G. Newbold*
Michael G. Newbold, No. 25523

*/s/ Bradley J. Sollars*
Bradley J. Sollars, No. 54931
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574
Attorneys for Plaintiffs