IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREATER KANSAS CITY LABORERS )
PENSION FUND, et al., )
) **No. 16-454-CV-W-ODS**
Plaintiffs, )
)
vs. )
)
**PRECISE CONCRETE, LLC** )
)
Defendant. )

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT PRECISE CONCRETE

COME NOW Plaintiffs, and hereby request that defendant Precise Concrete, LLC ("Precise Concrete") or its authorized representative, admit the following facts and to admit that the copies of documents which are attached hereto are genuine, true and exact copies of the original documents of which they purport to be copies of, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure to be answered within 30 days of service hereof:

1. The attached Exhibit "A" is a true and accurate copy of a stipulation dated May 22, 2013, signed on behalf of Precise Concrete.

**RESPONSE:**

a. If your response to Request for Admission No. 1 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

2.      Precise Concrete executed the contract stipulation dated May 22, 2013 (Exhibit "A") binding it to the Joint Agreement between The Builders Association and Laborers' Locals 264 and 1290 of the Western Missouri and Kansas Laborers' District Council of the Laborers' International Union of North America.

**RESPONSE:**

a. If your response to Request for Admission No. 2 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE**

3.      The attached Exhibit "B" is a true and accurate copy of a stipulation dated February 2, 2015, signed on behalf of Precise Concrete

**RESPONSE:**

a.      If your response to Request for Admission No. 3 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

4.      Precise Concrete executed the contract stipulation dated February 2, 2015 (Exhibit "B") binding it to the Residential Agreement between The Builders Association and Laborers' Locals 264 and 1290 of the Western Missouri and Kansas Laborers' District Council of the Laborers' International Union of North America

**RESPONSE:**

a. If your response to Request for Admission No. 4 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE**

5. The attached Exhibit "C" is a true and accurate copy of the Collective Bargaining Agreement ("Commercial agreement") between The Builders' Association and Laborers' Locals 264 and 1290 and the Western Missouri and Kansas Laborers' District Council of the Laborers' International Union of North America, effective April 1, 2011 to March 31, 2014;

**RESPONSE:**

a. If your response to Request for Admission No. 5 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE**

6. Precise Concrete was bound to the collective bargaining agreement referenced in Request for Admission No. 5 above for the period May 22, 2013 through March 31, 2014.

**RESPONSE:**

a. If your response to Request for Admission No. 6 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

7. The attached Exhibit "D" is a true and accurate copy of the Collective Bargaining Agreement between The Builders' Association and Laborers' Locals 264 and 1290 and the Western Missouri and Kansas Laborers' District Council of the Laborers' International Union of North America, effective April 1, 2014 to March 31, 2017;

**RESPONSE:**

a. If your response to Request for Admission No. 7 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE**


8. Precise Concrete was and continues to be bound to the collective bargaining agreement referenced in Request for Admission No. 7 above for the period April 1, 2014, to date.

**RESPONSE:**

a. If your response to Request for Admission No. 8 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

9. The attached Exhibit "E" is a true and accurate copy of the Residential Collective Bargaining Agreement between The Builders' Association and Laborers' Locals 264 and 1290 and the Western Missouri and Kansas Laborers' District Council of the Laborers' International Union of North America, effective April 1, 2014 to March 31, 2017;

**RESPONSE:**

b.  If your response to Request for Admission No. 9 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE**

10. Precise Concrete is bound to the collective bargaining agreement referenced in Request for Admission No. 9 above for the period February 2, 2015, to date.

**RESPONSE:**

a.  If your response to Request for Admission No. 10 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

11. Precise Concrete employed laborers during the period May 22, 2013 through September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 11 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

12. Precise Concrete's laborer employees performed work which was covered by the collective bargaining agreements identified in Requests for Admission Nos. 5, 7 and 9 above, during the period May 22, 2013 through September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 12 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

13. Precise Concrete agreed, under the terms of the collective bargaining agreements identified in Requests for Admissions Nos. 5, 7 and 9 above, to pay and contribute to Plaintiff Funds various sums per hour for each Laborer employee performing work covered under said collective bargaining agreement.

**RESPONSE:**

a.  If your response to Request for Admission No. 13 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

14. Attached as Exhibit "F" is a true and accurate copy of the audit of Precise Concrete prepared by Construction Benefits Audit Corporation ("CBAC") for the period May 22, 2013 through September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 14 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

15. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 5, 7 and 9 above, Precise Concrete is obligated to Plaintiff Funds for unpaid employee benefit plan contributions due on behalf of laborer employees employed by Precise Concrete for work that was covered by the CBAs in the amount of $29,262.25 as shown in the Audit, attached as Exhibit "F" for the period May 22, 2013 through September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 15 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**


16. Precise Concrete agreed, under the terms of the collective bargaining agreement and trust agreements to which Precise Concrete became bound, to pay liquidated damages and interest on contributions made later than the time required to said Plaintiff Funds.

**RESPONSE:**

a. If your response to Request for Admission No. 16 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**


17. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 5, 7 and 9 above and the trust agreements to which Precise

Concrete became bound, Precise Concrete is obligated to Plaintiffs for costs incurred by Plaintiffs in collection of the amount referred to in Request for Admission No. 15.

**RESPONSE:**

a. If your response to Request for Admission No. 17 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

18. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 5, 7 and 9 above and the trust agreements to which Precise Concrete became bound, Precise Concrete is obligated to Plaintiffs for interest accrued on the amount referred to in Request for Admission No. 15 from the time beginning when payment of the amount referred to in Request for Admission No. 15 became due.

**RESPONSE:**

a. If your response to Request for Admission No. 18 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

19. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 5, 7 and 9 above and trust agreements to which Precise Concrete became bound, Precise Concrete is obligated to Plaintiff Funds for attorneys' fees incurred by Plaintiffs in collection of the amount referred to in Request for Admission No. 15.

**RESPONSE:**

a.  If your response to Request for Admission No. 19 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

20. Brian Corum was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 20 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

21. Brian Corum was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 21 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

22. Brian Corum performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 22 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

23. Cory Smith was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 23 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

24. Cory Smith was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 24 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

25. Cory Smith performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 25 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

26. Ernest Sylvan was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 26 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

27. Ernest Sylvan was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 27 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

28. Ernest Sylvan performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 28 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

29. Mario Cordier was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 29 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

30. Mario Cordier was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 30 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

31. Mario Cordier performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.      If your response to Request for Admission No. 31 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

32.     Terry Baker was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.      If your response to Request for Admission No. 32 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

33.     Terry Baker was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.      If your response to Request for Admission No. 33 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

34.     Terry Baker performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 34 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

35. Donald Bushnell was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 35 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

36. Donald Bushnell was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 36 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

37. Donald Bushnell performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 37 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

38. Mike Williams was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 38 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

39. Mike Williams was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 39 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

40. Mike Williams performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 40 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

41. Christopher Young was an employee of Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 41 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

42. Christopher Young was employed as a laborer by Precise Concrete between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a.  If your response to Request for Admission No. 42 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

43. Christopher Young performed bargaining unit work as a laborer for which contributions were due to the Plaintiff Funds between the period May 22, 2013 and September 30, 2015.

**RESPONSE:**

a. If your response to Request for Admission No. 43 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**




ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.


_____
Bradley J. Sollars, No. 54931
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
***Attorneys for Plaintiffs***